**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAMAR ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | Civil Action No. 25-1769 (MAS) (JBD)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Lamar Robinson's civil complaint (ECF No. 1) and most recent application to proceed *in forma pauperis* (ECF No. 5). Having reviewed the application, this Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**I.    BACKGROUND**

Plaintiff is a convicted state prisoner currently housed in South Woods State Prison. (ECF No. 1 at 2.) In May 2023, while he was housed in Bayside State Prison, Defendant McLaughlin searched Plaintiff's cell after reporting smelling smoke. (*Id.* at 5, 25.) During this search, McLaughlin found what he believed to be drugs hidden in Plaintiff's mail and conducted a field

test of the papers in question. The field test returned a positive for MDMA, a controlled substance. (*Id.*) Based on that discovery, Plaintiff received an institutional charge for possession of drugs, for which he was ultimately found guilty. (*Id.*) During these proceedings, however, the confiscated drugs were not sent to an outside laboratory for further testing, and Plaintiff's guilty verdict was instead based on the results of the field test. (*Id.*) Plaintiff believes that this lack of outside confirmatory testing amounts to a denial of his Due Process rights. (*Id.*) Although Plaintiff alleges that he was sanctioned with ninety days in administrative segregation and a loss of commutation time during these proceedings, Plaintiff also alleges that he "appealed this matter [and] . . . this case was dismissed." (*Id.*) Plaintiff, however, does not explain the nature or reasoning behind the appeal and dismissal. (*Id.*)

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen Plaintiff's complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must

2

contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.     **DISCUSSION**

In his complaint, Plaintiff seeks to raise claims against the New Jersey Department of Corrections and a number of officers involved in his prison disciplinary hearing, alleging that the lack of confirmatory testing amounted to a denial of his Due Process rights. The Department, however, is an arm of the state. The Department, therefore, is entitled to Eleventh Amendment immunity and is not a "person" subject to suit in a federal civil rights matter. *See, e.g.*, *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). The Department, consequently, must be dismissed from this matter with prejudice.

3

As to the remaining defendants, "the act of filing false [or unsubstantiated] disciplinary charges does not itself violate a prisoner's constitutional rights" so long as the plaintiff received a hearing in which he received an opportunity to rebut the charges. *Poole v. Mercer Cnty. Corr. Ctr.*, No. 11-3730, 2012 WL 694689, at *2 (D.N.J. Feb. 29, 2012); *see also Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 36 (3d Cir. 2010); *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). Generally, for such a hearing, an inmate is entitled to written advanced notice of the charges, a written statement of facts and reasons for the fact-finder's ultimate determination, and an opportunity to call witnesses and present documentary evidence in his own defense so long as doing so will not be unduly hazardous to institutional safety or the prison's disciplinary goals. *Poole*, 2012 WL 694689, at *2; *see also Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974). New Jersey state law further provides that inmates are entitled to notice of their hearing at least twenty-four hours in advance, an impartial tribunal made up of DOC staff, the right to call witnesses and present documentary evidence limited by institutional safety and regulations, a right to cross-examine and confront witnesses to the extent such examination is not in conflict with institutional security, a written statement of evidence and reasons from the deciding officer, and the assistance of counsel substitute where an inmate is illiterate or unable to present his own defense. *See Avant v. Clifford*, 67 N.J. 496, 525-33 (1975); *see also Ries v. Dep't of Corr.*, 933 A.2d 638, 641 (N.J. App. Div. 2007). Under state law, a disciplinary finding need only be supported by "substantial credible evidence" to warrant sanctions. *Ries*, 933 A.2d at 641.

Plaintiff alleges that he was denied Due Process at his hearing because he believes the charges were unsubstantiated and that further laboratory testing would have proved this true. Plaintiff, however, does not allege that he was denied any of the actual requirements of state and federal law for a prison disciplinary hearing. Plaintiff appears to assert that he had a hearing, before an impartial staff member, during which he had the opportunity to challenge the charges

against him, which he was clearly aware of prior to the hearing. Plaintiff further alleges that he had an opportunity to appeal, and was ultimately successful in that appeal, indicating that clear procedural protections were in place. Although Plaintiff takes issue with the guilty finding in his initial hearing, he admits that the initial field test was positive for MDMA, which itself would be substantial evidence to support a guilty finding, even if further lab testing may have been ideal. In the absence of further factual allegations specifically denoting why laboratory testing was required, or the steps Plaintiff took to request such testing, Plaintiff has failed to allege that his disciplinary proceedings failed to meet the requirements of Due Process. Plaintiff thus fails to state a claim on that basis in his complaint. Plaintiff's claims against the remaining Defendants must therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IV.   **CONCLUSION**

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. An order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: 11/18/25